**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| **BEKA GELASHVILI,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-00040** |
| | § | |
| **KRISTI NOEM, *et al.*,** | § | |
| | § | |
| **Respondents.** | § | |

## ORDER

Before the Court is Federal Respondents' Motion to Reconsider, (Dkt. 26). On January 29, 2026, the Court granted in part Petitioner Beka Gelashvili's ("Petitioner") Petition for a Writ of Habeas Corpus, (Dkt. 1) and denied Respondents' Response to Petition for Writ of Habeas Corpus and Motion for Summary Judgment, (Dkt. 13). (Dkt. 18 at 5.) Accordingly, the Court ordered Respondents to immediately release Petitioner or to conduct a bond hearing under 8 U.S.C. § 1226(a) on or before February 4, 2026. (*Id.*) The Government advised the Court that on February 4, 2026, an Immigration Judge (IJ) denied Petitioner's request for bond on the basis that Petitioner is a flight risk. (Dkt. 21 at 1.) Petitioner subsequently filed a Motion to Enforce this Court's Order seeking for the Court to revise the ordered remedy to immediate release. (Dkt. 20.) The Court granted Petitioner's motion on February 6, 2026, exercising its discretion based on the equitable and flexible nature of habeas relief to revise the remedy in accordance with the Court's reasoning as set out in *Cruz-Reyes v. Bondi*, 818 F. Supp. 3d 875, 887 (S.D. Tex. 2026). (Dkt. 22.) Petitioner was released from custody pursuant to the Court's order the following day. (Dkt. 23.)

Shortly after the Court issued its Order dated February 6, 2026, (Dkt. 22), the United States Court of Appeals for the Fifth Circuit issued an opinion addressing the dispute over the statutory

interpretation of 8 U.S.C. § 1225(b)(2)'s mandatory detention provision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). In the precedential decision, the Fifth Circuit determined that noncitizens apprehended in the interior who entered without inspection are "applicants for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore are not entitled to bond hearings under 8 U.S.C. § 1226(a). *Id.* at 498. On February 20, 2026, Respondents filed a Motion to Reconsider, (Dkt. 26), asking the Court to reconsider its prior Orders, (Dkts. 18, 22), based on *Buenrostro-Mendez*.

Given that Petitioner was released from custody several months ago and the only remaining matter before the Court is Federal Respondents' earlier Motion to Reconsider, (Dkt. 26), the Court requests a status update from Respondents on whether they continue to seek for the Court to reconsider its prior order or whether final judgment should be entered as Petitioner is no longer detained.

Accordingly, it is hereby **ORDERED** that Respondents file an advisory by **July 2, 2026**, addressing the status of their Motion to Reconsider, (Dkt. 26), and whether Respondents oppose the entry of final judgment.

IT IS SO ORDERED.

SIGNED this June 29, 2026.

Diana Saldaña
United States District Judge

2 / 2